# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

STEPHANIE ANDREWS, JANELLE AUSTIN,
PHYLLIS HEFFELFINGER, KELLI HEIST,
VIRGINIA MATHIOS, JANET MURPHREE,
DANA SMITH, HOPE TUCKER, LISA UDDIN-
BARNESWRIGHT, MICHELE WARNER,
LYNDA VALDEZ, JOSEPH ABAMONTE,
JULIE ABATE, KIMBERLY ABBEY, KERRY
ABRAHAMSEN, RACHEL ABUKHDEIR,
CAROL ADAMS-CONNER, KATHY ADAMS,
LENEE' ADKINS, JACQUELINE ALLBRIGHT,
AUSTIN ALFORD, LEIANNE AL-KHAFAJI,
JANA ALLAN, CYNTHIA ALLEN, ALMUDENA
PRESAS ALONSO, NICOLE ALVAREZ,
BARBARA ALVES, MARINA AMIEVA, LORI
ANDERLE, JAMI LYN ANDERSON, RIKA
ANDERSON, JAMIE ANGULO, HILARY
ARANA, ROCHELLE ARCH-HAYOSTECK,
NATALIA ARTEMENKO, STACEY ATKINS,
ANNMARIE ANTONELLI, BONNIE AUDSLEY,
NINA AVILES, BRANDIS BANKS, DANA
BANKS, DEBRA BARETTA, ANGELA
BARTHELEMY, JOHN BECKSTRAND, CORI
BEHRENDS, REBECCA BEIERSDORG, TIA
BELBODA, MAURA BENATTI, CINDY BERG,
RENEE BERGLUND, CYNTHIA BERZEL,
NICOLE BETSON, JEAN BEVER, KATHLYN
BEZ, POLLY BIASUCCI, MARY
BIESSENBERGER, SACHA BIGLER, JANET
BLACK, THERESE BLACKWELL, MORGAN
BLISS, FRANCES BLITZ, KATHLEEN
BODENE, ROBIN BODENHEIMER,
LORRAINE BOLLA, MARILYN BOWDEN,
CHRISTINE BRABECK, JACLYN BRADLEY,
JACOB BRAUCHT, KATHLEEN BREEDLOVE,
EILLEEN BRENNAN, CHERIE BRENNER,
KATE BRITT, SHARI BROWN, EMMA BRYANT,
JOYCE BRYANT-BURRUS, DENISE BRYSON,
JACQUELINE BUCCI, MARCELLA BULGER,
KAYLA BUONO, PASCALE BURGUENO,
MARYY JO BURNS, ERIN BURREY, PIA
BUSCHER, EMILY BUSKEN, CHA HUI CAIN,
ANTONIETTA CALDARELLA, AMANDA

Case No.: 3:19-CV-1066

CALVERT, CHRISTA CAMPBELL, KATHY
CAMPBELL, MARIA CARLISLE, LAURETTE
CARNS, ELIZABETH CASSIDY, DARIS CASON,
IDA CASTROGUINN, KATHERINE CEDOLA,
TIFFANY CHALLIS, EVA CHAUVIN, BECKY
CHERRY, DEBRA CHESBRO, EMILY BETH
CHEZES, GEORGINA CHU, CAROLINE CIEZ,
BREONTA CLARK, ERIN CLEVELAND,
RONDA COCHERELL, KAREN COFFMAN.
EMMA COLE, AUTUMN COLEMAN,
JACQUELYN COLLINS, JOSE COLON-
VILLANUEVA, CHRISTY COMBS, CANDACE
CONNER KABELA, DONNA CONSTANT,
DIANA CONWAY, KATHLEEN COOPER,
MICHAEL CORTIS, KATHLEEN COTNOIR,
SUSAN COUVILLION, MARSHA COWLING,
KRYSTLE COWART, DREDRICK COX, LINDA
CREECH, ANGELA CROWELL, RAVEN
CURINGTON, CORINNE DALLMAN, LORIE
DANA, ELAINE DAVIS, JO-LYNN DAVIS,
KATIE DAVIS, TAMARA DEANGELIS,
ALEXANDRA DELA, JENNIFER DELAPENHA,
DIANA DEL-BARRIO, PAULINE DEMAET,
VERONICA DEMAGGIO, SHARON DENNEY,
MARSHA DEVANEY, JOANN DEVENY,
NANCY DIAMOND, KAYLA DIBELLA,
SUZANNE DIFRAIA-ORTEGA, TEODORA
DIMITROVA, JOANNA DIRIENZO, KAREN
DISANTIS, MARGARET DRISCHLER, NANCY
DORMAN, MICHELE DOSS, KATHLEEN
DOUGLAS, DAWN DRAKE, LAURA DREWE,
LOUISE DUHAMEL, GENARINA DUNCAN,
MADONNA DUNN, CYNTHIA DURUSHIA,
JAN DYSSEGARD, JOHNNY EDWARDS, JAN
EGGE, BRENT EGLAND, SHARON ELBOIM,
LISA ERICKSON, ALIXANDRA ERRINGTON,
JESSICA ESPINOSA, BRENDA EVANS, DEBBY
EVERS, LAWRENCE FARRER, EVA FARRIS,
NICOLE FAZIO, STEVE FILLMORE, JAMIE
FINE, KIMBERLY FITCH, KATHRYN FLYNN,
ASHLEIGH FOOTE, LISA FORTUNA, JILL
FOUTS, LORI FOUTY, DEBRA FRANKLIN,
AKANE FREEMAN, BELISSA FUENTES, MYRA
FUJI, BETTINA GARCIA, SUGAR GARCIA-
HALL, KATRENA GARSKE, RACHEL

GAROUTTE, BAILEY GARRISON, JACK GAZIS, MICHELLE GENTRY, SARAH GERARD, JANE GERMANN, KATRINA GILLIAM, KIMBERLY GODBY, JOHN GOLD, MARYJO GONDEK, CYNDEE GOODMAN, KATHLEEN GRAY, SHANNON GRAY, JENNIFER GREEN, NEVINE GROULX, CHANDRA GRONVOLD, MELODY GUERRERO, GREGORY GUINN, DEBRA HADLER, FRANCES HALE, NICHOLAS HALL, KRISTINE HAMMER, CLAUDETTE HANDKE, DARLA HANSEN, SAMANTHA HARDING, LINDA HALL-SHIPMAN, HILLARI HARDT, DEBRA HARGIS, SAMRA HARMINDER, KELLY HARRIS, CHRISTINA HART, SPENCER HAYES, STACY HAYES, TIFFANYANNE HAYES, PAM HAYNES, NELLY HEIST, SHAWN HENCHAL, JILL HENDRICKS, LAURA HENNING, CINDY HELD-SZLASA, TANISHA HENRY, SUSAN HENSLEY, AMANDA HEPLER, KIMARA HERBERT, MAGDA HERMANSEN, CHRISTINE HOADLEY, KATHARINE HODGE, LISA HOGAN, HEATHER HOLLISTER, ELLEN HOLLOWELL, HEATHER HOTVEDT, KARI HOUSHOLDER, LINDSEY HOWARD, JEANNIE HOWELL, JULIE HUISMANN, JUMHEE, HWANG, ADELE IAQUINTA, GIOVANNA INGRAM, JEANNE JACKSON, LAURA JACKSON, PAULA JACKSON, KAITLYN JAGIELO, KIMBERLY JARY, KAREN JAY, MIA JESPERSEN, JOEL KINNARD, KARI JOHNKE-HENZLER, BENITA JOHNSON, URSULA ISIDORE, BRIDGETTE JONES, TAMIKA JONES, AMBER JORDAN, IRENE KAFTANUK, ANN KALLSEN, KENNETH KAMINSKI, JACKIE KANE, DAVID KAPLAN, AMANDA KARRICK, CYNTHIA KASMIRSKI, JEAN KATOPODIS, RUTA KAUPIKO, MARIE KEARSE, BRENDA KERN, CINDY KHA, ADEN KIDANE, TERRI KIDD, JENNIFER KIM, VIRGINIA KIMBERLAN, JUDIE KIRKLAND, NATASHA KLEPEC, CAROL KNAIN, REBECCA KOEGER, WENDY KOOPMEINERS, ANNA KOSOVAN, KACI KOTTEMANN, TERESA KOVARS, KATE KOVARY, KRISTEN

KOWALCZYK, ELLEN KRAMER, JILL KRUPPA, KERRY KRUSE, TSIPORA KUBA, THERESA KUTSCHALL, RENEE LABBE, JOAN LABOW, MILISSA LACHAUSSEE', CHRISTINE L'ALLIER, TANA LAMBERT, KAITLYNN LAMOUR, TATYANA LANCASTER, MARGUERITE LARSEN, LISA LARSON, MARIA LAYGO, JONATHAN LAZENBY, SUSANNA LEE, GERALDINE LINDSETH, CARISSA LIZOTTE, GERALEE CORONA, KAREN LEHMAN, ANN MARIE LIBERATORE, LONG LIM, STEPHANIE LITTLE, JENNIFER LONG, MARTHA LONG, DANA LOVE-LINN, CHRISTY LUNDE, KRISTEN MADDICK, KELLY MADER, JOSE MALDONADO, DONNETTE MALOCO, DONENE MANNION, JANINE MARCHILDON, DEBORAH MARSH, ELIZABETH MARZULLO, ELENA MASSIMO, CONNIE MASSMANN, JAMERE MAXWELL, JOHN MAZUROWSKI, MICHELLE MCCARRON, DIANE MCCOMBER, CATHERINE MCDONALD, DAWN MCDONNELL, SHAYLYN MCENTIRE, VICTORIA MCGARRITY, KAITLYN MCINTOSH, SHARON MCINTOSH, ANNE PENNY MCINTYRE, DEBBIE MCLELLAN, STACEY MCNEIL, DEBORAH MCNULTY, KIMBERLY MEADOWS, WILLIAM MEEK, DEBORAH MEISELMAN, BROOKE MESZAROS, ALLISON MILLER, KIMBERLY MILLER, LISA MILLER, MARGARET MILLER, JOAN TORMEY MILTON, JESSICA MIZRAHI, LYNN MOFFET, RICHARD MOGAN, LEYDA MOLINA, DIANA MONTGOMERY- BROCK, BROMLEY MOORE, JILLIAN MOORE, NINA MOORE, VONDA MORGAN, DEBBIE MCLELLAN, PATRICK MORSE, MELISSA MORRILL-FURMAN, BONNIE MURO, DEBORAH MURPHY,WANDA MURRAY, AYTEN NADEAU, NABILA NAIBKHEL, TAUFEEQ NASIR, PAMELA NEALY, ANDREA NECHVATAL, JENEE NEEB, CHERYL NELSON, EVA NELSON, SUSAN NEWLAND, TRANG NGUYEN, DEANNE NICHELSON, SHERYLANN NITTI, BETH NORDYKE, MICHELE NOREEN, YVETTE NUGENT,

JENNIFER OBIOFUMA, KRISTINA OLSON, JODY ONDRIEZEK, EVELYN ORGERON, GERDA ORROCK, PATRICE OTERO, SONYA OURLIN, SILVA OSWALDO, PENNY OWENS, GINA PAGE-NELSON, PEGGY PARADEAU, ATHENA PARADIS, LAURIE PARKE, EMMA PARKER, KAYLA PARNELL, STANLEY PARTYKA, NATANIA PAYNE, KIMBERLY PEDRETTI, JEANETTE PEDRONI, JOANNE PERGOLA, JODI PERGOLA, KENDRA PERPICH, JEANETTE PEDRONI, SARA PELOWSKI, SUSAN PENCE, VIRGINIA PEREZ, CHELSEA PERRY, SHERRY PETERS, TINA FONG-PETERSON, NANCY PETRONE, LINDSAY PHELPS, YANICK PICAULT-CADET, ANITA PIERCE, JENNIFER PIERCE, BEATRICE PINON, DINA PINOS, CYNDA POLL, ANNA POPE, ANDREA POWER, SHANA PROVOST, ANTOINETTE QVISTORFF, MELISSSA RAICHART, ANNILA RAJPATTY-KISSOONDATH, MARY REED, PATTY REGISTER, CONSTANCE REID, ANNETTE REJINDERS-KESSEL, MARGARET REMUS, JULIE RICE, ASHLEY ROBERTS, MARY KAY ROBERTS, DEBORAH ROEBER, KRISTIN ROHLF, DEBORAH RUMPZA, KAYLA RUSSELL, TAMMY RUSTAD, STACEY RUTHERFORD, BECKY SALLANDER, DANIELLE SANDERS, MARY-ANN SANDS, JENNIE SANDUSKY, MONICA SANTAMARIA, NAGISA SAUDARGAS, ANGELAMARIA SCHERILLO, CYNTHIA SEDUSTINE, LISA SEIBERT, ELIZABETH SEYMOUR, LISA SHACKELFORD, RACHEL SHANKLIN, PAMELA SHELDON, REBECCA SHELDON, MICHELLE SHERACK, BRENDA SHORKEY, KATIE SIEG, ANDREA SILVAS, AMANDA SIMMONS, MELYNDA SINSLEY, KENYA SKYTTE, JACQUELYN SMELTER, LISA METTELKA SMILEY, ANGELA SMITH, CHRISTINE SMITH, EMILY SNELLGROVE, DEBRA SPAULDING, KAREN SPEASE, STACI SPURLOCK, AYFER STREET, EILEEN STEIGERWALD, JILL STRIETER, SANDRA SVIGGUM, LYNN SYPNIEWSKY, NANCY

TALARICO-BORASS DEBRA TALBERT, TANIA TAMAYO-HAGAN, REBECCAH TANGEN, SUSAN TATE, TISHA TAYLOR, TRACY ELIZABETH TAYLOR, DEBORAH KAY THIRKELSON, HOLLY THOMPSON, SUSAN THOMPSON, DEMARRIO THORTON, JULIET THURAB, KIMBERLY TOBIN, CHASE TODD, KRISTIN TOMPKINS, HENRIQUE TORRES, DONNA TOWNS, ANDREA TRZASKA, ANDREA TROUTMAN, DIANA TRUE, KATHLEEN TSCHISHOW, LINDA TUCKER, TINA TUCKER, DEANNA TURNER, KATHRYN UDE, JULIANNE LYNN UMALI, TERI UNSWORTH, TIRANA VAKNIN, VICTOR VALDEZ, ELISSA VALENZANO, WENDY VANDERTUUK, CAROLINE VANGRIEKEN, COLLEEN VANRISSEGHEM, JOHN VANRISSEGHEM, ROSALYN VEGA, MALIN VEJFORS, KERRI VREY, COLLEEN VANRISSEGHEM, GRAEME WAGNER, JESSICA WAGNER, CAROL WALKER, LISA WALKER, WENDE WALKER, TROYE WASHINGTON-CLANTON, CATHERINE WEIDA, EMILY WESLEY, ROBIN WHALEY, DIANE WHITE, VANESSA WILBERT, JENNIFER WILLERT, LISA WILLETE, RANDI WILLETT, APRIL WILHITE, TAMMY WILKINSON, ADREEAN WILLIAMS, KATHY WILLIAMS, JOHANNA WINKLER, BARBARA WINSLOW, TERRI WINSLOW, LISA WOODCOCK, NANCY WOODWARD, LEAH WOPIPKA, LINDA WRIGHT, AMY YON, MARIA YOUNG, BONNIE YOUNKER, ANNA ZALUZHNY and REBECCA ZETNICK, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

LANDS' END, INC. and LANDS' END OUTFITTERS, INC.,

Defendants.

**COMPLAINT**
**TABLE OF CONTENTS**

**INTRODUCTION** ....................................................................................................8

**PARTIES** ...............................................................................................................10

- **PLAINTIFFS** ............................................................................................10

- **DEFENDANTS** .........................................................................................12

**JURISDICTION & VENUE** ................................................................................12

**FACTUAL BACKGROUND** ...............................................................................12

- *Lands' End Provides New Uniforms to Delta* ..........................................12

- *Delta Employees Experience Adverse Health Reactions* ........................13

- *The NIOSH Report on the Uniforms* ......................................................14

- *Plaintiffs' Testing of the Uniforms* ........................................................15

**CAUSES OF ACTION** ........................................................................................15

- **COUNT 1 – NEGLIGENCE** ....................................................................15

- **COUNT 2 – STRICT DESIGN DEFECT** ................................................16

- **COUNT 3 – MANUFACTURING DEFECT** ...........................................18

- **COUNT 4 – FAILURE TO WARN** .........................................................18

- **COUNT 5 – BREACH OF EXPRESS WARRANTY** .............................19

- **COUNT 6 – BREACH OF IMPLIED WARRANTY** ..............................20

- **COUNT 7 – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT ("MMWA")** ..................................................................................21

**INJUNCTIVE RELIEF** .......................................................................................22

**CLASS ALLEGATIONS** ....................................................................................23

**DEMAND FOR JURY TRIAL** ..........................................................................25

**PRAYER FOR RELIEF** ......................................................................................25

**APPENDIX A** ......................................................................................................27

**COME NOW** Plaintiffs who file this Complaint against defendants Lands' End, Inc. and Lands' End Outfitters, Inc. and allege as follows:

## INTRODUCTION

1.      Plaintiffs are employees of Delta Airlines Lines, Inc. ("Delta"). They and their co-workers ("Delta Employees") work in various capacities – as flight attendants; Airport Customer Service ticket, ramp and gate agents; Sky Club workers; Delta Cargo; GSE Maintenance; and Delta TechOps.

2.      Since May 29, 2018, the Delta Employees have been required to wear newly-issued work uniforms ("Uniforms") manufactured by Lands' End, Inc. and Lands' End Business Outfitters (hereinafter collectively referred to as "Lands' End" or "Defendants").

3.      These Uniforms are high stretch, wrinkle and stain-resistant, waterproof, anti-static, and deodorizing. Lands' End used various chemical additives and finishes to achieve these characteristics.

4.      The combination of these additives and finishes has an allergic and sensitizing effect on the human body, even if those several additives and finishes are relatively safe in their individual respective quantities.

5.      Since the introduction of the Uniforms, Plaintiffs and many other Delta Employees have suffered a myriad of health problems as a result of the excessive allergen and sensitizing properties of the Uniforms. These problems include the following:

a.      Respiratory – severe respiratory distress, vocal cord dysfunction, breathing difficulties, shortness of breath, coughing, tightness of chest;

b.      Skin – contact dermatitis, skin blisters, skin rashes, boils, hives, bruising, eczema, scarring, hair loss, hair follicle inflammation;

c.      Eyes, Ears, Nose and Throat – blurred vision, dry eyes, nosebleeds, ringing ears, sinus problems; and

d.    Head and General – migraines, headaches, fatigue, muscle weakness, anxiety, swollen lymph nodes, anaphylactic type symptoms and auto-immune conditions.

6.    Plaintiffs and other Delta Employees who had reactions to the Uniforms did not have these symptoms prior to the rollout of the Uniforms in such combination and to such degree, and it was only at and after the rollout that such symptoms appeared. These health problems were caused by the Uniforms and continue to this day.

7.    Plaintiffs bring seven causes of action – negligence, strict design defect, manufacturing defect, failure to warn, breach of express warranty, breach of implied warranty, and violation of the Magnuson Moss Warranty Act.

8.    Plaintiffs seek damages for their personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, medical services and expenses, lost income and other compensable injuries.

9.    Plaintiffs also seek injunctive relief to require Lands' End to recall the Uniforms so that they do not present a continuing risk of toxic exposure. They also ask Lands' End to establish a monitoring program to periodically assess whether the Uniforms have or are adversely affecting their health so that competent and timely treatment may be administered.

10.    A subset of the Plaintiffs – the Class Representatives, as defined below – also seek the certification of an injunctive class to require Defendants to recall the Uniforms and institute a medical monitoring program on behalf of the proposed Class: "Delta Employees who presently wear, previously wore, presently work or previously worked in the vicinity of the Uniforms manufactured by Lands' End."

11.    The Uniforms pose an ongoing, unreasonable risks of physical harm to the Class, including threatening the Class members with future serious health problems because of an allergic and/or sensitization response. The unreasonable risks to the Class can be ameliorated or prevented through a robust monitoring program.

## PARTIES

### PLAINTIFFS

12.    Plaintiff Stephanie Andrews, a Delta Employee and flight attendant, is a resident and citizen of Utah and is currently domiciled in Murray, Utah. For purposes of 28 U.S.C. § 1332, she is a citizen of Utah. As a result of her exposure to the Uniforms, she suffers from asthma, vocal cord dysfunction, breathing difficulties, shortness of breath, coughing, tightness of chest, contact dermatitis, skin rashes, hives, hair loss, heart palpitations, fatigue, and auto-immune conditions.

13.    Plaintiff Janelle Austin, a Delta Employee and flight attendant, is a resident and citizen of Georgia and is currently domiciled in Atlanta, Georgia. For purposes of 28 U.S.C. § 1332, she is a citizen of Georgia. As a result of her exposure to the Uniforms, she suffers from hair loss, skin irritation, rashes, itchiness, difficulty breathing, fatigue, headaches, eye irritation and sinus irritation.

14.    Plaintiff Phyllis Heffelfinger, a Delta Employee and flight attendant, is a resident and citizen of Ohio and is currently domiciled in Londonville, Ohio. For purpose of 28 U.S.C. § 1332, she is a citizen of Ohio. As a result of her exposure to the Uniforms, she suffers from chest pain and difficulty breathing.

15.    Plaintiff Kelli Heist, a Delta Employee and gate agent, is a resident and citizen of Florida and is currently domiciled in Clearwater, Florida. For purpose of 28 U.S.C. § 1332, she is a citizen of Florida. As a result of her exposure to the Uniforms, she suffers from itchiness, coughing, fatigue, headaches, rashes, hives and vocal cord dysfunction.

16.    Plaintiff Virginia Mathios, a Delta Employee and flight attendant, is a resident and citizen of Utah and is currently domiciled in Salt Lake City, Utah. For purpose of 28 U.S.C. § 1332, she is a citizen of Utah. As a result of her exposure to the Uniforms, she suffers from difficulty breathing, urinating blood, rashes, hives and vocal cord dysfunction.

17.    Plaintiff Janet Murphree, a Delta Employee and flight attendant, is a resident and

citizen of Tennessee and is currently domiciled in Bolivar, Tennessee. For purpose of 28 U.S.C. §
1332, she is a citizen of Tennessee.  As a result of her exposure to the Uniforms, she suffers from skin
irritation, rashes, difficulty breathing, fatigue, sinus irritation, headaches, throat irritation, coughing
and itchiness.

18.     Plaintiff Dana Smith, a Delta Employee and flight attendant, is a resident and citizen
of Washington and is currently domiciled in Liberty Lake, Washington. For purpose of 28 U.S.C. §
1332, Plaintiff, she is a citizen of Washington. As a result of her exposure to the Uniforms, she suffers
from difficulty breathing, vocal cord dysfunction, coughing, nasal drip, throat irritation and heart
palpitations.

19.     Plaintiff Hope Tucker, a Delta Employee and flight attendant, is a resident and citizen
of Washington and is currently domiciled in Liberty Lake, Washington. For purpose of 28 U.S.C. §
1332, she is a citizen of Washington. As a result of her exposure to the Uniforms, she suffers from
difficulty breathing, vocal cord dysfunction, coughing, nasal drip, throat irritation and heart
palpitations.

20.     Plaintiff Lisa Uddin-Barneswright, a Delta Employee and flight attendant, is a resident
and citizen of Georgia and is currently domiciled in Newnan, Georgia. For purpose of 28 U.S.C. §
1332, she is a citizen of Georgia. As a result of her exposure to the Uniforms, she suffers from skin
irritation, itchiness, rashes, difficulty breathing, fatigue and hair loss.

21.     Plaintiff Michele Warner, a Delta Employee and flight attendant, is a resident and
citizen of Minnesota and is currently domiciled in Gem Lake, Minnesota. For purpose of 28 U.S.C. §
1332, she is a citizen of Minnesota. As a result of her exposure to the Uniforms, she suffers from skin
irritation, itchiness, rashes, vertigo, hair loss, fatigue, headaches, muscle cramps, swollen glands and
vocal cord dysfunction.

22.     Plaintiff Lynda Valdez, a Delta Employee and flight attendant, is a resident and citizen
of New York and is currently domiciled in Levittown, New York. For purpose of 28 U.S.C. § 1332,

she is a citizen of New York. As a result of her exposure to the Uniforms, she suffers from skin irritation, rashes, itchiness, coughing and swollen lymph nodes.

23.    Plaintiffs Andrews, Austin, Heffelfinger, Heist, Mathios, Murphree, Smith, Tucker, Uddin-Barneswright, Warner, and Valdez are collectively referred to herein as "Class Representatives".

24.    Additional plaintiffs are included at **Appendix A** hereto, and their respective allegations are expressly incorporated herein.

## DEFENDANTS

25.    Defendant Lands' End, Inc. is a Delaware corporation with its principal place of business located at 1 Lands' End Lane, Dodgeville, Wisconsin 53595.

26.    Defendant Lands' End Business Outfitters, Inc. is a Delaware corporation with its principal place of businesss located at 1 Lands' End Way, Dodgeville, Wisconsin 53595.

27.    At all relevant times, Defendants were engaged in the business of manufacturing, marketing, advertising, distributing, selling, and warranting Lands' End products, including the Uniforms manufactured for the Delta Employees.

## JURISDICTION & VENUE

28.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

29.    Venue is proper in this judicial district as both Defendants reside in the State of Wisconsin. 28 U.S.C. §§ 1332(c)(i) & 1391(b)(1).

## FACTUAL BACKGROUND

### *Lands' End Provides New Uniforms to Delta*

30.    In 2016, Delta contracted with Lands' End to provide new employee Uniforms.

31.    The Uniforms are comprised of several garments, including dresses, skirts, shirts, blouses, sweaters, jackets and pants.

32.    Additional products which incorporated the design were also available, but had to be

purchased by employees through Delta's employee website based in Atlanta, Georgia, which had a direct link to Lands' End for ordering.

33.    The Uniforms are described as high stretch, wrinkle and stain-resistant, waterproof, anti-static, and deodorizing. Various chemical additives and finishes were used during the manufacturing process to ensure these characteristics.

34.    The Uniforms were distributed to the Delta Employees and officially launched on May 29, 2018.

35.    The Uniforms are worn by approximately 64,000 Delta Employees, including 24,000 flight attendants and 40,000 Airport Customer Service ticket and gate agents, Sky Club workers, Airport Customer Service ramp agents, Delta Cargo, GSE Maintenance and Delta TechOps employees.

36.    Upon information and belief, Lands' End was aware of prior health problems experienced by flight attendants at Alaska Airlines and American Airlines caused by their uniforms.

37.    Upon information and belief, Delta made Lands' End aware of these problems during contract negotiations, and the uniform contract contains warranties and indemnities regarding the safety of the Uniforms.

38.    In the alterative, Lands' End should have been aware of these prior health problems experienced by flight attendants at Alaska Airlines and American Airlines because of their uniforms.

*Delta Employees Experience Adverse Health Reactions*

39.    At all times before May 29, 2018, Plaintiffs wore approved Delta uniforms while performing their occupational tasks. Their ability to perform their assigned duties was not compromised by their uniforms prior to that date, and Plaintiffs did not experience health related issues related to the previous uniforms.

40.    Shortly after the Uniforms were introduced, many Delta Employees began experiencing serious reactions, causing grave concern for their health. *See* Complaint at ¶5, *supra*.

41.     Plaintiffs have complained of health problems as a result of wearing or being in proximity to these Uniforms.

42.     On August 30, 2019, Delta reported that "since launch, 1,900 of [its] 64,000 employees reported some type of concern" with the Uniforms. Upon information and belief, however, the number of injured Delta Employees is significantly higher as many do not report their symptoms and health scares to the company.

43.     Adverse reactions to the allergens and sensitizers in the Uniforms have resulted in a substantial increase in absences and grounding of Delta Employees.

44.     In addition to the foregoing, the Delta Employees' symptoms are serious enough that several flight attendants have been forced to leave their flights mid-trip, necessitating unscheduled returns.  Emergency medical care has been required either out of their home state or out of the country. During flights, flight attendants experienced difficulty speaking and breathing.

45.     Many Delta Employees requested alternate uniforms from Defendants only to be sent another uniform that caused the same adverse health effects.

*The NIOSH Report on the Uniforms*

46.     On June 26, 2019, after receiving dozens of complaints from Delta Employees, the National Institute of Occupational Safe and Health ("NIOSH") issued a Health Hazard Evaluation Report ("NIOSH Report") concerning the Uniforms Delta employees were required to wear. A copy of the NIOSH Report is attached here to as **Exhibit A**.

47.     The NIOSH concluded: "It is possible that textile chemicals in the uniforms or the physical irritant properties of the uniform fabrics have caused skin symptoms among Delta employees." Exhibit A, p. 7.

48.     The NIOSH Report recommended that Delta "[c]ontinue to offer alternatives to the new uniform to employees who have developed symptoms and/or health effects related to wearing the new Uniforms. Allow employees to use alternative Uniforms on a long term basis, if symptoms

resolve with the alterative." *Id.*, p. 9.

*Plaintiffs' Testing of the Uniforms*

49.     Plaintiffs have conducted their own preliminary investigative testing of samples of the Uniforms. These tests revealed the presence of chemicals and heavy metals far in excess of industry-accepted safe levels for garments.

50.     These chemicals and heavy metals include the following:

a.     Chromium – harmful to the skin, eyes, blood, and respiratory system;

b.     Antimony – harmful to the eyes and skin; causes hair loss; used to make flame-proofing materials;

c.     Mercury – at high vapor concentrations, it can cause quick and severe lung damage; at low vapor concentrations over a an extended period of time, it can cause neurological disturbances, memory problems, skin rash, and kidney abnormalities; mercury can pass from a mother to her baby through the placenta during pregnancy and through breast milk after birth;

d.     Formaldehyde – skin, throat, lungs, and eye irritant; repeated exposure can cause cancer;

e.     Fluorine – eye irritant; harmful to kidneys, teeth, bones, nerves and muscles; used as a stain repellant; and

f.     Bromine – skin , mucous membrane, and tissue irritant; used as a fire retardant.

51.     These chemicals and heavy metals are known to cause significant reactions and severe personal harm.

**CAUSES OF ACTION**<br>**COUNT 1 – NEGLIGENCE**

52.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

53.     Defendants owe a duty to individuals, including Plaintiffs, to use reasonable care in designing, manufacturing, marketing, labeling and selling the Uniforms.

54.     Defendants were negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling and selling the Uniforms. Defendant breached their aforementioned duty by:

       a.      Failing to design the Uniforms so as to avoid an unreasonable risk of harm to Delta Employees bringing the Uniforms into their homes and wearing the Uniforms, including the Plaintiffs;

       b.      Failing to use reasonable care in the testing of the Uniforms so as to avoid unreasonable risk of harm to Delta Employees bringing the Uniforms into their homes and wearing the Uniforms, including the Plaintiffs;

       c.      Failing to use reasonable care in inspecting the Uniforms so as to avoid an unreasonable risk of harm to Delta Employees bringing the Uniforms into their homes and wearing the Uniforms, including the Plaintiffs;

       d.      Failing to use reasonable care in collecting and/or analyzing adverse event reports by Delta Employees reporting issues with the Uniforms; and

       e.      Otherwise negligently or carelessly designing, manufacturing, marketing and selling the Uniforms.

55.     As a direct and proximate result of Lands' End's negligence, Plaintiffs have suffered and/or in the future will suffer personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, medical services and expenses, lost income and other damages.

## COUNT 2 – STRICT DESIGN DEFECT

56.     Plaintiffs, incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

57.     At all times material to this action, Defendants were responsible for designing,

developing, manufacturing, testing, promoting, packaging, marketing, distributing and selling the Uniforms.

58.    The Uniforms are defective and unreasonably dangerous to Plaintiffs.

59.    The Uniforms are defective in their design or formulation in that it they are not reasonably fit, suitable, or safe their intended purpose and/or its foreseeable risks exceed the benefits associated with their design and formulation.

60.    At all times material to this action, the Uniforms were not safe and were not suited for the purposes for which Defendants, directly and indirectly, advertised, marketed, and promoted them at the time Defendants designed, manufactured, distributed, and sold the Uniforms and placed the Uniforms in the stream of commerce.

61.    The Uniforms were defective and unreasonably dangerous when they left control of Defendants in one or more of the following manners:

a.    The risk associated with wearing the Uniforms far outweighs the utility derived from wearing them;

b.    Defendants failed to provide adequate warnings regarding the hazards associated with wearing the Uniforms;

c.    The Uniforms were defectively designed and unreasonably dangerous in design and composition in that other products could achieve similar results without the risks presented by the Uniforms; and

d.    The Uniforms failed to comply with the implied warranty that the product was safe when used for its intended purpose.

62.    At the time the Uniforms left the control of Defendants, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk to the Plaintiffs of injuries without impairing the reasonably anticipated or intended function of the Uniforms. These safer alternative designs were economically and technologically feasible, and would

have prevented or significantly reduced the risk of injuries to Plaintiffs without substantially impairing the Uniforms' utility.

63.    As a direct and proximate result of Lands' Ends defective design of the Uniforms, Plaintiffs have suffered and/or in the future will suffer personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, medical services and expenses, lost income and other damages.

## COUNT 3 – MANUFACTURING DEFECT

64.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

65.    The Uniforms manufactured by Lands' End, which Plaintiffs were required to wear during working hours, were not reasonably safe for their intended use and were defective as a matter of law with respect to their manufacture.

66.    As a direct and proximate result of Lands' End's defective manufacturing of the Uniforms, Plaintiffs have suffered and/or in the future will suffer personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, medical services and expenses, lost income and other damages.

## COUNT 4 – FAILURE TO WARN

67.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

68.    The Uniforms manufactured by Lands' End to be worn by Plaintiffs were not reasonably safe for their intended use and were defective as a matter of law due to their lack of appropriate and necessary warnings.

69.    Defendants had a duty to warn Plaintiffs of the risks and/or defects about which it knew or should have known.

70.    Defendants failed to adequately warn Plaintiffs that the Uniforms were unreasonably

dangerous and defective because they could result in severe adverse health effects, including those enumerated in this Complaint.

71.    At all times relevant hereto, Defendants intended the Delta Employees, including Plaintiffs, to wear the Uniforms and knew or should have known that the Uniforms were defective and dangerous.

72.    The Uniforms were used/worn by Plaintiffs in a reasonably anticipated and foreseeable manner, and in the manner for which the Uniforms were intended.

73.    At all relevant times hereto, Defendants were situated in the chain of commerce and transferred, sold, marketed, advertised, or distributed the Uniforms in the regular course of business.

74.    At all times relevant hereto, the Uniforms were in the same or substantially the same, defective and unreasonably dangerous condition when put to its reasonably anticipated and foreseeable use.

75.    Defendants knew or should have known of the risk of injury from the Uniforms, but failed to provide adequate warning to users/wearers of the product, failed to immediately recall the Uniforms and continued to sell the Uniforms to be worn by Delta Flight Attendants and gate agents. As a direct result, the Uniforms manufactured and/or supplied by Defendant were defective due to inadequate post marketing warnings or instructions.

76.    Had Defendants adequately warned Plaintiffs they would have been alerted to the problem and would have taken steps to avoid the adverse health consequences before they occurred.

77.    As a direct and proximate result of Lands' End's failure to warn as to the allergen and sensitizing properties of the Uniforms, Plaintiffs have suffered and/or in the future will suffer personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, medical services and expenses, lost income and other damages.

## COUNT 5 – BREACH OF EXPRESS WARRANTY

78.    Plaintiffs incorporate by reference the allegations contained in the preceding

paragraphs of this Complaint.

79.     Defendants made assurances to Delta and the Delta Employees that the Uniforms would be safe and comfortable and reasonably fit for their intended purpose and that they were "Guaranteed".

80.     Upon information and belief, Plaintiffs are the intended third party beneficiaries of Lands' End's warranties because there is a valid and binding contract between Delta and Lands' End, the contract was intended to protect the safety of Delta's Employees who would be required to wear the uniforms, and the benefit to the Delta Employees is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate the Delta Employees if the benefit of the warranty is lost. Consequently, Plaintiffs and the Class are in privity with Defendants.

81.     To the extent required under applicable choice of law, Plaintiffs reasonably relied upon Lands' End's express warranties and guarantees that the uniforms were safe, merchantable, and reasonably fit for their intended purpose.

82.     Defendants breached their express warranties by selling unreasonably dangerous and defective uniforms jeopardizing the health and safety of the Delta Employees.

83.     Plaintiffs notified Lands' End of the breach through their individual efforts to obtain safe replacement uniforms.  Lands' End was on notice of the breach of warranty well before Plaintiffs filed this Complaint.

84.     As a direct and proximate result of Lands' End's breach of its express warranties, Plaintiffs have suffered personal injuries, pain and suffering, damage to property, emotional distress, financial and economic loss, including obligations for medical services and expenses, lost income, and other damages.

## COUNT 6 – BREACH OF IMPLIED WARRANTY

85.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

86.     The Lands' End uniforms are "goods" under the Uniform Commercial Code ("UCC").

87.     Lands' End is a "merchant" under the UCC.

88.     Lands' End impliedly warranted the merchantable quality of the uniforms and that they were fit for the ordinary purpose for which uniforms are intended.

89.     To the extent required under applicable choice of law, Plaintiffs and the Class relied upon Lands' Ends' implied warranties of merchantability in wearing and/or purchasing the Uniforms.

90.     The uniforms supplied by Defendants breached these implied warranties, jeopardizing the health, safety, and property of Plaintiffs.

91.     As a direct and proximate result of Lands' End's breach of its implied warranties, Plaintiffs and the Class have suffered personal injuries, pain and suffering, damage to property, emotional distress, financial and economic loss, including obligations for medical services and expenses, lost income, and other damages.

## COUNT 7 – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT ("MMWA") 15 U.S.C. § 2301, ET SEQ.

92.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

93.     Plaintiffs are "consumers" within the meaning of the MMWA.

94.     Lands' End is a "supplier[]" and "warrantor" within the meaning of the MMWA.

95.     The Uniforms are "consumer products" within the meaning of the MMWA.

96.     Defendants' written affirmations of fact, promises, and descriptions as alleged created written and/or implied warranties within the meaning of the MMWA.

97.     Defendants breached these warranties because the Uniforms were not fit for their intended use, were not defect free, and were harmful to Plaintiffs and other Delta Employees.

98.     These defects existed when the Uniforms left Defendants' control.

99.     Despite reasonable opportunity to honor its disclosure and remedy obligations, Lands'

End violated the MMWA, causing injury to Plaintiffs.

100.    As a direct and proximate result of Lands' End's violation of the MMWA, Plaintiffs and the Class have suffered personal injuries, pain and suffering, damage to property, emotional distress, financial and economic loss, including obligations for medical services and expenses, lost income, and other damages.

## INJUNCTIVE RELIEF

101.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

102.    Plaintiffs and the Delta Employees have been, and continue to be, exposed to Lands' Ends' dangerous Uniforms by virtue of their employment with Delta.

103.    As set forth above, Plaintiffs have experienced adverse reactions from the exposure to the Uniforms. Some continue to experience reactions as they wear the Uniforms. Upon information and belief, other Delta Employees react to the Uniforms by merely being in their presence.

104.    All Delta Employees are susceptible to experiencing adverse reactions as result of their cumulative exposures to the allergens and sensitizers in and emanating from the Uniforms.

105.    By providing the unsafe Uniforms to the Delta Employees and by failing to promptly recall the Uniforms, Lands' End has exposed the Delta Employees to ongoing and future risks of adverse medical conditions.

106.    Plaintiffs and the Delta Employees have an increased risk of developing other medical conditions, including the triggering of various autoimmune conditions, adverse effects to the endocrine system, and damage to liver function.

107.    As a remedy, Lands' End should establish and fund a medical monitoring fund in an amount that will assist in diagnosing and treating the adverse health effects experienced by Plaintiffs and Delta Employees as a result of the Uniforms.

108.    By monitoring and testing of Plaintiffs and Delta Employees, the risk that they will

suffer long-term or latent injuries, diseases, or losses without adequate treatment will be significantly reduced.

109.    Plaintiffs seek an injunction creating a Court-supervised, Defendants-funded medical monitoring program that will facilitate the screening and diagnosis of Plaintiffs and the Class for medical conditions resulting from their exposure to the Uniforms' allergens and sensitizers.

110.    To prevent further and continuing injuries to Delta Employees, Lands' End should be ordered to recall all Uniforms that have been issued.

111.    Plaintiffs and the Class have no adequate remedy at law in that monetary damages alone cannot compensate them for injuries and loses.

112.    Without a medical monitoring program, Plaintiffs and the Class will continue to face an unreasonable risk of preventable injury and disability.

## CLASS ALLEGATIONS

113.    The Class Representatives bring this action on behalf of themselves and all other persons similarly situated, pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following class: "Delta Employees who presently wear, previously wore, presently work or previously worked in the vicinity of the Uniforms manufactured by Lands' End."

114.    Excluded from the Class are the following:

    a.    Defendants, their subsidiaries, and their affiliates;

    b.    All persons who make a timely election to be excluded from the Class;

    c.    Governmental entities; and

    d.    The judge to whom this case is assigned, and any member of the judge's immediate family.

115.    **Numerosity:** The members of the Class are so numerous that individual joinder of all members is impracticable. To date, tens of thousands of Delta Employees have worn or been exposed to the unsafe Uniforms, and thousands have lodged complaints with Delta's human resources

departments. The Class is believed to compose 64,000 members.

116.    **Commonality & Predominance:** There are common questions of fact and law that predominate over any questions affecting only individual members of the Class. These common issues include:

a.    Whether the Uniforms caused Plaintiffs and members of the Class to suffer adverse health reactions;

b.    Whether the Uniforms pose a substantial risk to the Class of causing future adverse health reactions;

c.    Whether the conduct of Lands' End was negligent;

d.    Whether the Uniforms are defective in their design or formulation;

e.    Whether the Uniforms are defective in their manufacture;

f.    Whether Lands' End provided adequate warnings to the Class regarding the hazards associated with the Uniforms;

g.    Whether Lands' Ends expressly or impliedly warranted the safety of the Uniforms.

h.    Whether Lands' End should be required to establish a medical monitoring protocol to ensure that the Class receives routine medical screening for future illness caused by the Uniforms.

117.    **Typicality**: Class Representatives' claims are typical of the claims of the other Class members because, among other things, all Class members are at risk for short- and long-term injuries resulting from exposure to the Uniforms. The claims of Class Representatives and the Class all arise from the same wrongful practices and conduct, and they seek relief on the same legal theories.

118.    **Adequacy of Representation:** Class Representatives are adequate representatives of the Class because their interests do not conflict with the interests of other members of the Class they seek to represent. They have retained competent counsel experienced in complex and class action

litigation, and Plaintiffs intend to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Class Representatives and their counsel.

119.    **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of the propriety of injunctive relief. Individual litigation of whether injunctive relief is warranted on a class-member-by-class-member basis is neither economically feasible nor procedurally practicable.

120.    **Declaratory and Injunctive Relief:** Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and members of the Class, thereby making appropriate final injunctive relief as described herein.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs on behalf of themselves and the Class, pray for judgment against Defendants for the following relief:

i.    All recoverable damages sustained by Plaintiffs;

ii.    Appropriate injunctive relief to which Plaintiffs are entitled, including a recall of the Uniforms and ongoing monitoring of Plaintiffs' health;

iii.    Certification of the putative Class; appointing the putative Class Representatives as class representatives; and naming Plaintiffs' counsel as class counsel;

iv.    Class-wide injunctive relief requiring Land's End to establish a medical monitoring protocol for all Delta Employees who wore or wear the Uniforms;

v.    Pre-judgment and post-judgment interest as allowed by law;

vi.    Payment of reasonable attorneys' fees and costs as may be allowable under law; and

vii.    Such other relief as the Court may deem just and proper.

Respectfully submitted this 31ST day of December, 2019.

_/s/ Bruce A. Maxwell_

**Bruce A. Maxwell**
Florida Bar No.: 903531
Georgia Bar No.: 006620
Admitted to the U.S. Supreme Court: 03/29/1993
Terrell Hogan, Yegelwel, P.A.
233 East Bay Street
8th Floor
Jacksonville, Florida 32202
(904) 632-2424
Maxwell@terrellhogan.com
shicks@terrellhogan.com

_/s/ Donald Winder_

**Donald Winder**
Utah Bar No.: 3519
Admitted to the U.S. Supreme Court: 07/01/1985
Winder Law Firm
215 S. State Street
Suite 960
Salt Lake City, Utah 84111
(801) 440-5536
dwinder@winderfirm.com

/s/ Jay Urban

**Jay Urban**
Wisconsin Bar No.: 1018098
Urban & Taylor S.C.
The Urban Taylor Law Building
4701 N. Port Washington Road
Milwaukee, Wisconsin 53212
(414) 906-1700
jurban@wisconsininjury.com
rscarletta@wisconsininjury.com

_Attorneys for Plaintiffs and the Putative Class_