# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEPHANIE ANDREWS, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LANDS' END, INC. and LANDS' END OUTFITTERS, INC.<br><br>Defendants. | Civil Action No. 3:19-cv-1066-JDP |

## **MOTION FOR CONSOLIDATION**

The plaintiffs in the above styled case move to consolidate their case schedule with the companion case of Gwyneth Gilbert and Michael Marte, case number 19-cv-823 (the Gilbert case).

<u>Procedural History of the Gilbert Case</u>

1. On October 3, 2019, two plaintiffs filed their complaint alleging a class action on behalf of Delta employees harmed by Lands' End uniforms. Doc. 1 in Gilbert.

2. After conducting a pretrial conference, the Court issued its Preliminary Pretrial Conference Order, which established appropriate deadlines for various steps of the litigation, including class certification, discovery, and trial. Doc. 25 in Gilbert.

<u>Procedural History of the Andrews Case</u>

3. On December 31, 2019, approximately 536 plaintiffs filed their complaint alleging a class action, as well as other claims, on behalf of Delta employees harmed by Lands' End uniforms, in case number 19-cv-1066 (the Andrews case).

4.	On January 10, 2020, the Court issued an order in both cases that stated "[w]hatever else happens regarding the consolidation of these two class actions, the court intends to keep the schedule it has set in the Gilbert lawsuit. The parties and attorneys in *both cases* should plan accordingly." Doc. 5 in Andrews; and Doc. 23 in Gilbert (emphasis added).

5.	On February 12, 2020, both defendants in the Andrews case agreed to waive service of process. Docs. 12 and 13 in Andrews.

6.	On February 21, 2020, the Andrews plaintiffs filed an amended complaint and appendix, which increased the total number of plaintiffs to 1,098. Doc. 14 in Andrews. This amendment was consistent with the Court's deadline to file amended pleadings in both the Gilbert and the Andrews cases. Doc. 25, ¶ 1 in Gilbert; *see supra* ¶ 5.

7.	Over the last few weeks, plaintiffs' counsel for both the Gilbert and the Andrews cases have been negotiating an agreement to further consolidate the two cases, and to setup a three-firm interim lead class counsel team, subject to the Court's approval. The Andrews plaintiffs anticipate reaching a final agreement and preparing the respective motion(s) in the upcoming week(s).

8.	Counsel for the Andrews plaintiffs also spoke with counsel for the defendants approximately two weeks ago to determine their position. To date, the defendants have not expressed any intention to object to this motion. Given the Court's priority for expediency, the Andrews plaintiffs wanted to immediately notify the Court of their intention and request through this motion.

Legal Analysis

9.	Federal Rule of Civil Procedure 42(a) allows courts to join pending actions when there are common questions of law or fact. The purpose of Rule 42(a) is "to prevent . . . unnecessary duplication of effort in related cases." *EEOC v. G-K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994).

Consolidation "is a matter committed to the sound discretion of the trial judge." *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994). There is a general "policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Iked v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970). Consolidation "promote[s] the expeditious resolution of related claims." *Champ v. Siegel Trading Co.*, 55 F.3d 269, 274 (7th Cir. 1995).

10. As the Court previously concluded, the Gilbert and Andrews cases both clearly share common questions of fact and law. "The second class action [the Andrews case] . . . makes essentially the same allegations against Lands' End, also on behalf of a class consisting of Delta employees." Doc. 8 in Andrews.

11. Moreover, the Court offered valuable clarification that it expected the Andrews case "to follow the schedule set in Gilbert." Doc. 8 in Andrews.

12. Based on the same, the Andrews plaintiffs request the Court to formally consolidate the cases for pretrial scheduling purposes at this time. *See Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018) ("From the outset we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them."); *see also The Wisconsin Assembly Democratic Campaign Committee v. Gill et al.*, No. 18-cv-763 (W.D. Wis. Oct. 5, 2018) (granting motion to consolidate "for the limited purpose of scheduling"). Specifically, the Andrews plaintiffs are agreeing to and requesting the Court to impose the exact same pretrial scheduling deadlines imposed in the Gilbert case.[1] This will allow all plaintiffs to be represented by the counsel of their choice, and without any delay in the litigation schedule.

---

[1] It is also important to note that the Andrews plaintiffs still anticipate moving for leave of court to file a motion to further amend the amended complaint and/or its appendix, for the sole purpose of listing additional plaintiffs who will be similarly situated to the previously listed plaintiffs.

**WHEREFORE** the Andrews plaintiffs respectfully request the Court to grant the motion to consolidate, and formally impose the Gilbert litigation pretrial deadlines in the Andrews case.[2]

Respectfully submitted this 2nd day of March, 2020.

> */s/ Bruce A. Maxwell*_____ __
> Bruce A. Maxwell
> Admitted to the U.S. Supreme Court: 03/29/1993
> Bradley Bodiford (Pro Hac Vice)
> Terrell Hogan Yegelwel, P.A.
> 233 East Bay Street, 8th Floor
> Jacksonville, Florida 32202
> (904) 632-2424
> maxwell@terrellhogan.com
> bodiford@terrellhogan.com
> shicks@terrellhogan.com
>
> Donald Winder
> Admitted to the U.S. Supreme Court: 07/01/1985
> Winder Law Firm
> 215 S. State Street, Suite 960
> Salt Lake City, Utah 84111
> (801) 440-5536
> dwinder@winderfirm.com
>
> Jay Urban
> Wisconsin Bar No.: 1018098
> Urban & Taylor S.C.
> The Urban Taylor Law Building
> 4701 N. Port Washington Road
> Milwaukee, Wisconsin 53212
> (414) 906-1700
> jurban@wisconsininjury.com
> rscarletta@wisconsininjury.com
>
> *Attorneys for the Andrews Plaintiffs and the Putative Class*

---

[2] Should the court be inclined to deny this motion, the plaintiffs request a hearing so counsel can advocate for the motion in person.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of March 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants.  A courtesy copy will be provided to the Gilbert counsel as well.

                                              */s/ Bruce A. Maxwell*_____
                                              Bruce A. Maxwell
                                              Admitted to the U.S. Supreme Court: 03/29/1993
                                              Terrell Hogan Yegelwel, P.A.
                                              233 East Bay Street, 8th Floor
                                              Jacksonville, Florida 32202
                                              (904) 632-2424